IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MONICA TURNER, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MELINDA CASTILLO, § <br> § <br> Defendant. § | No. 3:24-cv-2592-X (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Monica Turner, proceeding *in forma pauperis*, filed suit against Melinda Castillo alleging that Castillo sold her a truck without disclosing a lien on the truck in violation of state and federal law. For the reasons below, the Court should dismiss Turner's case without prejudice for lack of subject matter jurisdiction.

**Background**

Turner claims that Castillo sold her a truck without disclosing a "material lien" on it. ECF No. 3 at 1. She attaches a copy of the bill of sale, showing that the price of the truck was $18,000. ECF No. 3 at 9. She alleges that Castillo falsely represented that the truck was unencumbered with liens when a lien had previously "been placed on the truck." ECF No. 3 at 2. To date, Turner has paid $11,650 on the truck. ECF No. 3 at 2.

Turner asserts claims under the Magnuson-Moss Warranty Act (MWA), 15 U.S.C. §§ 2301 et seq. and state law. She seeks to void the contract due to "fraudulent misrepresentation," damages for unjust enrichment, damages for conversion, damages under the MWA for breach of implied warranty of title, damages under the Texas Deceptive Trade Practices Act (DTPA), and attorney fees. ECF No. 3 at 7.

## Legal Standards

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte.*" *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017). Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise

2

*Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right

3

to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga,* 871 F.3d at 384 n.4; *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

**Analysis**

Turner alleges one federal claim under the MWA, which governs warranties on consumer products. The MWA requires that the amount in controversy exceed $50,000 to establish federal jurisdiction. 15 U.S.C. § 2310(d). "The Fifth Circuit has concluded that this threshold does not include damages from any pendant state law claims or from personal injury damages." *Humanity for Wisdom Cmty. Center Health and Human Services v. Samsung Electronics Co.,* 2024 WL 755508, at *2 (W.D. Tex. Feb. 23, 2024), *rec. accepted* 2024 WL 3933921 (W.D. Tex. Aug. 21, 2024) (citing *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1069 (5th Cir. 1984)). The statute also expressly excludes "interests and costs" from the calculation of the amount in controversy, and courts have concluded that attorney

4

fees must be excluded from the amount in controversy determination. *Id.* (citing *Boelens*, 748 F.2d at 1069); *Chavez v. Maximus, Inc.*, 2010 WL 2950313, at *2 (W.D. Tex. July 23, 2010). "The amount in controversy is derived from the economic value of the consumer contract, and a consumer may pursue a civil action to recover the purchase price plus collateral damages." *Id.* (citing *Chavez*, 2010 WL 2950313, at *2 (citing 15 U.S.C. § 2301(d)).

Here, according to the complaint and documents attached to it, the cost of the truck at issue in this suit was $18,000. And Turner does not seek any collateral damages related to the alleged breach of the implied warranty of title. Therefore, based on Turner's allegations, she has not satisfied the $50,000 amount in controversy requirement applicable to warranty claims under the MWA. Because the MWA claim is the only federal claim that Turner alleges, there is not federal question jurisdiction.

Nor is there diversity jurisdiction. Turner does not allege that she and Castillo are citizens of different states. Instead, she alleges that they both "reside" in Texas. ECF No. 3 at 1.

Further, because there is neither federal question nor diversity jurisdiction, Turner cannot rely on supplemental jurisdiction to establish jurisdiction over any of her claims. *See*, *e.g.*, *Mitchell v. Bailey*, 982 F.3d 937, 943 (5th Cir. 2020) ("In order for a federal court to invoke supplemental jurisdiction, however, it must first have original jurisdiction over at least one claim in the action.") (citation omitted).

5

In sum, the Court lacks subject matter jurisdiction over Turner's claims, and the Court should dismiss her case without prejudice.

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As shown above, the facts as alleged by Turner show a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. However, the 14-day statutory objection period (explained below) will allow Turner the chance to proffer facts, if any, that can cure the deficiencies noted above.[1]

---

[1] The Court notes that Turner previously sued Castillo in state court on the same allegations. *Turner v. Castillo*, 2024 WL 3998337, at *1 (Tex. App.—Tyler, Aug. 29, 2024, mem. op) (unpublished). Following a bench trial, the state trial court dismissed Turner's claims, and, on August 29, 2024, the state appellate court affirmed. *See id.* at *5. Turner filed this federal lawsuit a few weeks after the state appellate court affirmed the dismissal of her claims. Thus, even if Turner could establish that subject matter jurisdiction exists, the Court would screen her complaint under 28 U.S.C. § 1915(e)(2)(B) and likely dismiss this case with prejudice for failure to state a claim on which relief can be granted because *res judicata* bars Turner's claims. *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 906 (5th Cir. 2011). (*res judicata*, "bars assertion of a claim in a subsequent case when: (1) there is prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action.").

## Recommendation

The Court should dismiss Turner's case without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED October 18, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).